# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Raphael Mendez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FMC Facility Section, Warden S. Kallis, Associate Warden Kris Goldey, Unit 1/2 Correctional Manager C. Orum, Unit 1/2 Correctional Officer Mr. Beadling, Unit 1/2 Correctional Officer Mr. Kreye, Associate Warden Program G. Cooper, and Captain J. Wades,<br><br>　　　　　Defendants. | Case No. 19-cv-2820 (NEB/TNL)<br><br>**REPORT &<br>RECOMMENDATION** |

## I. INTRODUCTION

This matter is before the undersigned for screening of pro se Plaintiff Raphael Mendez's Complaint (ECF No. 1) in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons stated herein, the undersigned recommends partial dismissal of the Complaint for failure to state a claim. By separate order, the undersigned will grant Plaintiff's "Application to Proceed Without Prepayment of Fees Affidavit," i.e., to proceed *in forma pauperis* ("IFP"), and address service of process on the remaining claim challenging the conditions of Plaintiff's cell.

1

## II. ALLEGATIONS

Plaintiff has been civilly committed pursuant to 18 U.S.C. § 4246.[1] (Compl. ¶ 2.) Plaintiff is currently being held at the Federal Medical Center located in Rochester, Minnesota ("FMC Rochester"). (Compl. ¶ 1.)

Plaintiff alleges that in early October 2019, he sent an "electronic message complaint" to Defendant FMC Facility Section, stating that outside air was coming into his cell and a cold front was expected. (Compl. ¶¶ 6-7.) Plaintiff did not hear back. (Compl. ¶ 8.)

The next day, October 8, Plaintiff cut a piece of cardboard "to fit the window in his cell as a Temporary measure until Facilities c[ould] get to the Window problem." (Compl. ¶ 9.) That same day, Plaintiff also attempted to get permission from Defendant Warden S. Kallis to use the cardboard in this manner "without Correctional interference." (Compl. ¶ 10.) Kallis responded on October 10, and instructed Plaintiff to raise his concerns with Defendant C. Orum, the unit manager. (Compl. ¶ 11; *see* ECF No. 1-1 at 15.) Plaintiff forwarded Kallis's response to Orum, and received no response. (Compl. ¶¶ 12-13.)

On October 11, Plaintiff approached Defendant Associate Warden Kris Goldey "in the chow hall" regarding the use of the cardboard. (Compl. ¶ 14.) Goldey pointed to a lieutenant, and told Plaintiff to "get with this Lieutenant here." (Compl. ¶ 14.) "The [lieutenant] told Plaintiff to eat first then see him." (Compl. ¶ 15.) The lieutenant had to

---

[1] *See, e.g.*, *Mendez v. Peterson*, No. 16-cv-2644 (ADM/BRT), 2018 WL 2193108, at *1 (D. Minn. May 14, 2018) (civil commitment in 1991 in the Eastern District of North Carolina) (citing *Mendez v. Bureau of Prisons*, No. 08-cv-4971 (JMR/RLE), 2009 WL 3856925, at *1 (D. Minn. Nov. 17, 2009)); *see also, e.g.*, *Mendez v. Paul*, No. 19-cv-183 (PAM/LIB), 2019 WL 5150038, at *3 (D. Minn. July 23, 2019), *adopting report and recommendation*, 2019 WL 3928871 (D. Minn. Aug. 20, 2019), *appeal filed*, No. 19-2935 (8th Cir. Sept. 9, 2019).

leave, however, before Plaintiff finished eating to attend to an "incident," which left Plaintiff's request "unaddressed." (Compl. ¶ 15.)

That same day, which was the Friday before a Monday holiday, Defendant Beadling[2], a correctional officer, instructed Defendant Kreye[3], another correctional officer, to remove the piece of cardboard. (Compl. ¶ 14.) Kreye subsequently removed the piece of carboard. (Compl. ¶ 14.)

Over the next two days, Plaintiff alleges that the removal of the cardboard caused him to be exposed to the cold as temperatures outside were in the low to mid-30s with winds up to 33 miles per hour, resulting in windchill temperatures in the high-teens and low-20s. (Compl. ¶¶ 15-16.) Plaintiff put on multiple articles of clothing, including a jacket, and used two blankets in an effort to keep warm, but "still could not get any sleep." (Compl. ¶ 16.) Plaintiff alleges that Beadling and Kreye removed the only protection he had from the cold. (Compl. ¶ 17.)

In addition to challenging the conditions of his confinement, Plaintiff also alleges that his civil commitment is unlawful and amounts to false imprisonment. (*See* Compl. ¶¶ 1-3.)

### III. ANALYSIS

Any plaintiff who proceeds IFP is subject to having his or her complaint screened under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam)

---

[2] Beadling's first name is not listed in the Complaint.
[3] Kreye's first name is also not listed in the Complaint.

("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, [courts] hold a pro se complaint, however inartfully pleaded, to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quotation omitted). But, "[a]lthough pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Stated differently, "this standard does not excuse pro se complaints from 'alleg[ing] sufficient facts to support the claims advanced.'" *Gerstner v.*

4

*Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (per curiam) (alteration in original) (quoting *Stone*, 364 F.3d at 914). As the Eighth Circuit Court of Appeals has explained,

> [w]hen we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.

*Stone*, 364 F.3d at 915.

### A. False Imprisonment

Plaintiff alleges that his civil commitment under 18 U.S.C. § 4246 is unlawful and constitutes false imprisonment. As other judges in this District have stated, Plaintiff's false-imprisonment claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See, e.g.*, *Mendez v. Paul*, No. 18-cv-2817 (PJS/HB), 2020 WL 563941, at *1-2 & n.1 (D. Minn. Feb. 5, 2020) [hereinafter *Paul*]; *Mendez v. Meek*, No. 18-cv-02332 (ECT/HB), 2018 WL 6259196, at *1-2 (D. Minn. Nov. 30, 2018), *aff'd*, 775 F. App'x 264 (8th Cir. 2019). Therefore, the Court recommends that Plaintiff's false-imprisonment claim be denied without prejudice for failure to state a claim under *Heck*.[4]

### B. Defendants G. Cooper & J. Wades

As best as this Court is able to tell, the thrust of Plaintiff's lawsuit is a constitutional claim based on the conditions of his cell under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* claims are for constitutional

---

[4] Moreover, a civil-rights complaint—like the one Plaintiff has filed here—is not the appropriate vehicle for Plaintiff to challenge his commitment. *Paul*, 2020 WL 563941, at *2 & n.3 (stating "[i]f Mendez wants to challenge the validity of his civil commitment, he will have to do so by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241" and noting "Mendez knows well how to file a habeas action" (citing cases)).

violations allegedly committed by federal officials. *Mendoza v. U.S. Immigration & Customs Enf't*, 849 F.3d 408, 415 n.3 (8th Cir. 2017); *see also Iqbal*, 556 U.S. at 675. Yet, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Thus, "individual government officials cannot be held liable in a *Bivens* suit unless they themselves acted unconstitutionally." *Wood v. Moss*, 572 U.S. 744, 763 (2014) (quotation omitted).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." As stated above, the complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Based on this Court's initial review, Plaintiff has pleaded at least some factual allegations as to the personal involvement of Defendants FMC Facility Section, Kallis, Goldey, Orum, Beadling, and Kreye. Plaintiff has pleaded no factual allegations, however, with respect to the personal involvement of Defendants G. Cooper (an associate warden) and J. Wades (a captain). Plaintiff has not articulated what Cooper and Wades did or failed to do that allegedly violated his constitutional rights. Nor has Plaintiff pleaded facts showing how Cooper and Wades were purportedly involved in the events in question.

Therefore, because Plaintiff has failed to plead the personal involvement of Cooper and Wades, the Court recommends that all claims against them be dismissed without prejudice for failure to state a claim.

### III. RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's false-imprisonment claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

2. All claims against Defendants G. Cooper and J. Wades be **DISMISSED WITHOUT PREJDUICE** for failure to state a claim.

Date: February__19__, 2020                    _____s/ Tony N. Leung_____
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *Mendez v. FMC Facility Section et al.*
                                              Case No. 19-cv-2820 (NEB/TNL)

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

7