# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RAPHAEL MENDEZ, | Case No. 19-CV-2820 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| FMC FACILITY SECTION, S. KALLIS, KRIS GOLDEY, C. ORUM, MR. BEADLING, MR. KREYE, G. COOPER, and J. WADES, | |
| Defendants. | |

The Court has received the February 19, 2020 Report and Recommendation of United States Magistrate Judge Tony N. Leung. [ECF No. 3 ("R&R").] The R&R recommends that pro se plaintiff Raphael Mendez's false-imprisonment claim and all claims against defendants G. Cooper and J. Wades be dismissed without prejudice for failure to state a claim. (*Id*.) Mendez filed an objection to the R&R. [ECF No. 6.] "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court has reviewed Mendez's objections. Based on that review, the Court accepts the R&R.

Mendez is civilly committed at the Federal Medical Center in Rochester and argues his commitment amounts to false imprisonment. He objects to the R&R's conclusion that his false-imprisonment claim is *Heck*-barred. *See generally Heck v.*

*Humphrey*, 512 U.S. 477 (1994). Mendez has brought this same claim before, and other Courts have told Mendez the same thing. As Judge Schiltz explained in a February 5, 2020 Order,

> Because Mendez is attacking the validity of his initial commitment, and because nothing in the record suggests that the basis for Mendez's initial commitment has been reversed or set aside, this argument is foreclosed by the reasoning of *Heck v. Humphrey*, 512 U.S. 477 (1994). Although *Heck* involved a suit for damages brought by a state prisoner, the Eighth Circuit has said that *Heck*'s reasoning is equally applicable to actions for injunctive relief brought by civilly-detained plaintiffs such as Mendez. *See Karsjens v. Piper*, 845 F.3d 394, 406 (8th Cir. 2017). If Mendez wants to challenge the validity of his civil commitment, he will have to do so by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241. But as this Court has already explained to Mendez, *Heck* bars him from bringing this claim in a civil-rights action. *See Mendez v. Meek*, No. 18-CV-2332 (ECT/HB), 2018 WL 6259196 (D. Minn. Nov. 30, 2018).

*Mendez v. Paul*, No. 18-CV-2817 (PJS/HB), 2020 WL 563941, at *2 (D. Minn. Feb. 5, 2020). In this case, Mendez again brings a civil rights claim challenging his initial commitment. He has not brought a habeas corpus action, and for the same reasons Judge Schiltz discussed, his claim is barred by *Heck*. Mendez's objection on this ground is overruled.

Next, Mendez objects to the R&R's conclusion that he has not stated a claim against defendants Cooper and Wades. The R&R construed Mendez's complaint to bring *Bivens* claims,[1] and under *Bivens* "individual government officials cannot be held liable . . . unless they themselves acted unconstitutionally." *Wood v. Moss*, 572 U.S. 744, 763 (2014) (citation and quotation marks omitted). Mendez did not object to the R&R's conclusion

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

that he brought a *Bivens* claim. Rather, he objects to the conclusion that the complaint does not plead any actions by Cooper or Wades, let alone any actions that could give rise to liability. In his objection, Mendez argues the existence of facts that establish the involvement of Cooper and Wades. But because the facts he alleges in the objection are not in the complaint, his objection is improper; moreover, it does not provide any basis to find the R&R's conclusion incorrect. Without a proper objection, the Court is under no obligation to conduct *de novo* review. *Larson v. WCCO*, No. 19-CV-3028 (NEB/LIB), 2020 WL 618413, at *1 (D. Minn. Feb. 10, 2020). Even under a *de novo* review, the Court finds Judge Leung's reasoning sound and finds no basis to depart from his recommendation.

Finding no clear error, and based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1.  The Report and Recommendation [ECF No. 3] is ACCEPTED;

2.  Plaintiff's objections [ECF No. 6] are OVERRULED;

3.  Plaintiff's claim for false-imprisonment is DISMISSED WITHOUT PREJUDICE; and

4.  All claims against G. Cooper and J. Wades are DISMISSED WITHOUT PREJUDICE.

Dated: March 23, 2020                    BY THE COURT:

                                         s/Nancy E. Brasel
                                         Nancy E. Brasel
                                         United States District Judge