# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Raphael Mendez, | Case No. 19-cv-2820 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| FMC Facility Section *et al.*, | |
| Defendants. | |

This matter comes before the Court on two motions filed by pro se Plaintiff Raphael Mendez. ECF Nos. 8, 13.

## I. MOTION TO AMEND

Plaintiff requests leave amend the Complaint to substitute "S. Stolarzyk" for Defendant G. Cooper as he named Cooper in error instead of Stolarzyk. ECF No. 8 at 1. Plaintiff's motion was not accompanied by a proposed amended pleading.

There is no indication that the requested substitution is due to death, incompetency, transfer of interest, or cessation from public office. *See* Fed. R. Civ. P. 25. Further, Plaintiff's motion fails to comply with Local 15.1. Local Rule 15.1 requires that "[a]ny motion to amend a pleading . . . be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." D. Minn. LR 15.1(b). Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil

Procedure and Local Rules of this Court. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Oprenchak v. Am. Family Mut. Ins. Co.*, No. 11-cv-425 (PJS/TNL), 2012 WL 1247216, at *15 (D. Minn. Mar. 26, 2012) ("Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court."), *adopting report and recommendation*, 2012 WL 1253011 (D. Minn. Apr. 13, 2012). Therefore, the Court will deny Plaintiff's motion to amend without prejudice.

Plaintiff should bear in mind that any amended complaint must meet the following requirements: The amended complaint must be an entirely new pleading that fully supersedes, and does not merely supplement, the original Complaint. *See* D. Minn. LR 15.1(a) ("Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading."). The amended complaint must clearly identify each defendant that Plaintiff is attempting to sue, specifying whether the defendant is being sued in his or her personal capacity, official capacity, or both. The amended complaint must include a complete and coherent description of the historical facts on which Plaintiff's lawsuit is based. The amended complaint must clearly describe what, specifically, each named defendant actually did (or failed to do) that allegedly violated Plaintiff's rights under federal law. The amended complaint must clearly describe the specific relief that Plaintiff is seeking against each defendant.

## II. MOTION TO STAY

Plaintiff also requests that this matter be stayed indefinitely due to precautions being taken by the Federal Bureau of Prisons in response to the COVID-19 pandemic. Plaintiff is currently confined at the Federal Medical Center located in Rochester, Minnesota.

Beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, *available at* https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance. These General Orders acknowledge, among other things, that (1) a national emergency has been declared by the President of the United States of America in response to COVID-19; (2) a peacetime emergency has been declared by the Governor of the State of Minnesota in response to COVID-19; (3) a stay-at-home order has been implemented by the Governor of the State of Minnesota in response to COVID-19; and (4) "local detention facilities continue to implement several COVID-19 related restrictions that impact the ability of pretrial detainees to consult with legal counsel." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 9 (D. Minn. Apr. 15, 2020).

For the reasons addressed in these General Orders and the well-documented concerns regarding COVID-19, Court finds good cause to grant Plaintiff's motion in part and stay this matter until August 14, 2020.

## III. ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to amend, ECF No. 8, is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's motion to stay, ECF No. 13, is **GRANTED IN PART** and **DENIED IN PART**.

3. **This matter shall be stayed until August 14, 2020.**

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May___5___, 2020         _____*s/ Tony N. Leung*_____
                               Tony N. Leung
                               United States Magistrate Judge
                               District of Minnesota


                               *Mendez v. FMC Facility Section et al.*
                               Case No. 19-cv-2820 (NEB/TNL)