**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Raphael Mendez, | Case No. 19-cv-2820 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| FMC Facility Section *et al.*, | |
| Defendants. | |

---

This matter comes before the Court on pro se Plaintiff Raphael Mendez's "Motion allowing the Court to Dismiss ECF No. 8 and Request to allow to keep the STAY O[R]DERED in ECF No. 19 due to Restrictions," ECF No. 21.

On March 19, 2020, Plaintiff filed a motion to amend the Complaint. ECF No. 8. On April 6, 2020, Plaintiff filed a motion to stay this case. ECF No. 13. In an Order dated May 5, 2020, this Court denied the motion to amend without prejudice as procedurally improper and stayed this case until August 14, 2020. ECF No. 19. Plaintiff requests that the Court "'STRIKE OUT' or Disregard [ECF No.] 8," which is Plaintiff's prior motion to amend, and keep the stay in place. ECF No. 21 at 2.

Plaintiff is representing himself and, as such, his filings are to be liberally construed. *See, e.g.*, *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). The Rules of Civil Procedure authorize the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Plaintiff, however, seeks to strike a motion, not a pleading. *See Carlson Mktg.*

*Grp., Inc. v. Royal Indem. Co.*, No. 04-cv-3368 (PJS/JJG), 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006). As best as this Court is able to tell, Plaintiff is attempting to remedy his procedurally improper motion to amend by removing it from the record. Therefore, the Court will construe Plaintiff's current motion as seeking limited relief from the stay for purposes of having the procedurally improper motion removed from the record.

The Court appreciates Plaintiff's conscientiousness. The Court has ruled on the motion to amend, so any request to "disregard" it is moot. And, the Court's prior ruling that the motion to amend was procedurally improper does not necessarily mean it should be removed from the record in this case. Therefore, the Court will deny Plaintiff's motion.

Plaintiff is reminded that any future motion to amend must comply with all applicable laws and procedural rules, including but not limited to the Federal Rules of Civil Procedure and the Local Rules of this Court, as well as the requirements set forth in the Court's May 5 Order. *See* ECF No. 19 at 1-2.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion allowing the Court to Dismiss ECF No. 8 and Request to allow to keep the STAY O[R]DERED in ECF No. 19 due to Restrictions," ECF No. 21, is **DENIED**.

2. **This matter remains stayed until August 14, 2020.**

3. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object;

3

exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June   11   , 2020

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Mendez v. FMC Facility Section et al.*
Case No. 19-cv-2820 (NEB/TNL)