# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Raphael Mendez,

    Plaintiff,

v.

FMC Facility Section *et al.*,

    Defendants.

Case No. 19-cv-2820 (NEB/TNL)

**ORDER**

This matter comes before the Court on a "reply" from pro se Plaintiff Raphael Mendez, ECF No. 35, and Defendants' Motion to Dismiss, ECF No. 36.

## I. REQUEST FOR APPOINTMENT OF COUNSEL

To the extent Plaintiff's reply can be construed as requesting the appointment of counsel, Plaintiff's request is denied. *See, e.g.*, *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (liberally construing pro se submissions).

Plaintiff has been civilly committed pursuant to 18 U.S.C. § 4246,[1] and is currently being held at the Federal Medical Center located in Rochester, Minnesota. Compl. ¶¶ 1-2 2, ECF No. 1. Plaintiff states that he is entitled to "competent representation[] while in the care [and] custody of the U.S. Atty. General," citing 18 U.S.C. § 4246. A person has a statutory right to counsel in civil-commitment proceedings under 18 U.S.C. § 4246. 18

---

[1] *See, e.g.*, *Mendez v. Peterson*, No. 16-cv-2644 (ADM/BRT), 2018 WL 2193108, at *1 (D. Minn. May 14, 2018) (civil commitment in 1991 in the Eastern District of North Carolina) (citing *Mendez v. Bureau of Prisons*, No. 08-cv-4971 (JMR/RLE), 2009 WL 3856925, at *1 (D. Minn. Nov. 17, 2009)); *see also, e.g.*, *Mendez v. Paul*, No. 19-cv-183 (PAM/LIB), 2019 WL 5150038, at *3 (D. Minn. July 23, 2019), *report and recommendation adopted*, 2019 WL 3928871 (D. Minn. Aug. 20, 2019), *aff'd*, No. 19-2935, 2020 WL 1154790 (8th Cir. Jan. 22, 2020).

U.S.C. § 4247(d); *United States v. Reynolds*, 163 F. App'x 436, 437 (8th Cir. 2006) (per curiam). This civil action is not, however, a proceeding to determine Plaintiff's mental condition and "whether [he] is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."[2]  18 U.S.C. § 4246(a); *see* 18 U.S.C. § 4247(d).

Outside of such proceedings, there is no constitutional or statutory right to the appointment of counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). In deciding whether appointment of counsel is warranted, courts consider the factual and legal complexity of the case, the plaintiff's ability to investigate facts, whether the proceeding involves conflicting testimony, and the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794.

Plaintiff's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, and the factual and legal issues in this case are not uniquely complex. *See Ward*, 721 F.3d at 942; *Phillips*, 437 F.3d at 794. Moreover, Plaintiff has demonstrated no specific impediment to representing his own interests. *See Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam); *Ward*, 721 F.3d at

---

[2] And to the extent Plaintiff attempted to challenge his civil commitment in this case, this claim was previously dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See generally* ECF No. 9. *See also Paul*, 2020 WL 563941, at *2 & n.3 (stating "[i]f Mendez wants to challenge the validity of his civil commitment, he will have to do so by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241" and noting "Mendez knows well how to file a habeas action") (citing cases).

942; *Phillips*, 437 F.3d at 794.  Therefore, Plaintiff's request for the appointment of counsel is denied.

## II. MOTION TO DISMISS

Defendants have filed a Motion to Dismiss, ECF No. 36.  This motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636.

Briefing on the motion shall occur as follows:

1.  **Plaintiff's response is due on or before November 24, 2020.**

2.  **Defendants' reply is due on or before December 8, 2020.**

The motion will then be deemed submitted and the Court will issue its report and recommendation based on the papers, without a hearing.

All prior consistent Orders remain in full force and effect.  Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of

[Continued on next page.]

pleadings; complete or partial dismissal with prejudice; entry of whole or partial default

judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Date: October  30  , 2020                                    *s/ Tony N. Leung*
                                                            Tony N. Leung
                                                            United States Magistrate Judge
                                                            District of Minnesota

                                                            *Mendez v. FMC Facility Section
                                                            et al.*
                                                            Case No. 19-cv-2820 (NEB/TNL)