UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAPHAEL MENDEZ, | Case No. 19-CV-2820 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| FMC FACILITY SECTION, et al., | |
| Defendants. | |

Raphael Mendez, who is civilly committed under 18 U.S.C. Section 4246 and currently housed at Federal Medical Center–Rochester ("FMC–Rochester"), filed a complaint against the FMC Facility Section and several FMC–Rochester employees. Defendants moved to dismiss, and Mendez moved for an abeyance. In a Report and Recommendation (ECF No. 56 ("R&R")), United States Magistrate Judge Tony N. Leung recommends that the Court grant the motion to dismiss and deny Mendez's motion for abeyance. (ECF No. 56.) Mendez filed an objection. (ECF No. 57.)

## ANALYSIS

Ordinarily, when a party objects to an R&R, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P 72(b)(3). When a party objecting to an R&R is *pro se*, the Court construes those objections and arguments liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the

objections are vague and non-responsive, however, the Court is not obliged to conduct *de novo* review, instead it may review the R&R for clear error. *See, e.g., Mendez v. Kallis*, 20-CV-924 (ECT/ECW), 2020 WL 2572524, at *2 (D. Minn. May 21, 2020) (noting that vague and non-responsive objections receive clear error review); *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error.").

Mendez's objection[1] does not adequately respond to the R&R's legal conclusions.[2] Even when read liberally, his objection fails to specifically address the R&R's analysis and improperly raises new, broad arguments of general misconduct by FMC-Rochester.[3] Even so, this Court will conduct a *de novo* review pursuant to 28 U.S.C. Section 636(b)(1) and Local Rule 72.2(b)(3). *See Mendez v. Paul*, No. 18-cv-2817 (PJS/HB), 2020 WL 563941,

---

[1] In addition to his objection, Mendez replied to the government's response to his objection. (ECF No. 59.) The Local Rules do not permit reply briefs to a party's response to an objection. *See* D. Minn. L.R. 72.2(b). The Court will not consider Mendez's reply brief.

[2] Mendez also filed a surreply to the government's motion to dismiss. (ECF No. 48.) The Local Rules do not permit surreplies to dispositive motions without prior permission. *See* D. Minn. L.R. 7.1(c)(1)-(3), (i). The Court did not give Mendez leave to file a surreply. (*See generally* ECF No. 42 at 3.) Judge Leung did not consider Mendez's surreply, nor will the Court.

[3] Mendez's complaint did not request specific relief. Later, in his objection, he noted that he was "seeking damages for a deprivation of his civil rights." (ECF No. 57 at 1.) Because this claim for relief does not appear in the original complaint nor does it alter this analysis below, the Court will not address the lack of requested relief in the original complaint.

2

at *1 (D. Minn. Feb. 5, 2020) (conducting *de novo* review, even though the plaintiff's objections did not address the R&R's principal analysis). After such review, the Court overrules Mendez's objection and accepts the R&R.

### I. Availability of *Bivens*

Based on a liberal reading of the original complaint, Mendez alleges a novel *Bivens* claim for constitutional violations based on his cell conditions. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); (ECF No. 1.) Judge Leung concluded that the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), disfavors extending a *Bivens* action to Mendez's novel conditions-of-confinement allegations. (R&R at 7–9); *see Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020) ("[F]or almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*."). This conclusion mirrors the Eighth Circuit's hesitancy to recognize *Bivens* claims outside established fact patterns acknowledged by the Supreme Court. *See, e.g.*, *Farah v. Weyker*, 926 F.3d 492 (8th Cir. 2019) (declining to extend *Bivens* to any context not previously recognized by the Supreme Court); *Ahmed v. Weyker*, 984 F.3d 564, 567–68 (8th Cir. 2020) (refusing to extend a *Bivens* claim for any fact pattern that does not mirror the facts and legal issues identified by the Supreme Court).

In his objection, Mendez does not address or respond to the R&R's *Bivens* analysis. (ECF No. 57.) This lack of argument further confirms that Mendez's claim does not mirror any recognized *Bivens* fact pattern. Even under a liberal reading of the complaint, there

is no suggestion that any individual correctional officer violated Mendez's constitutional rights. Thus, Mendez has not stated a *Bivens* claim.

## II.    Failure to State a Claim

Even assuming *Bivens* is available, Mendez still fails to state a claim. For a complaint to be sufficient under Rule 12(b)(6) of the Federal Rules of Civil Procedure it must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing Mendez's Complaint, the Court must accept as true all the allegations raised in the Complaint and draw all inferences in favor of Mendez. *See Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). The Complaint, however, must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Naked assertions devoid of factual enhancement . . . supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009).

Mendez invokes his Due Process rights under the Fifth Amendment with a conditions-of-confinement claim. *See Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (holding that the Fifth Amendment gives federal pretrial detainees rights equal to Eighth Amendment protections for prisoners); *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) ("[B]ecause an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply."). The Fifth Amendment bars punishment against civilly

committed individuals. *See Youngberg v. Romeo*, 457 U.S. 307, 315–16 (1982) (noting that the government may not punish a civilly confined person).

Punishment under the Fifth Amendment extends to actions that deprive individuals of their "right to a safe and healthy environment." *Green v. Baron*, 879 F.2d 305, 309-310 (8th Cir. 1989). Though the Eighth Circuit has not considered Mendez's specific allegations, it has held that committed individuals have the right to basic human necessities such as light, heat, ventilation, sanitation, clothing, and proper diet. *See id*. at 309. To reach the level of punishment, a plaintiff must show that conditions were intentionally punitive or excessive in relation to a government function. *Sterns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (holding that brief lack of running toilet in cell during prison maintenance did not amount to punishment); *see also Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (holding that there may be an Eighth Amendment violation when there is "deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets."). The Eighth Circuit has also instructed that "a minimal deprivation does not violate the Constitution." *Green*, 879 F.2d at 309. Thus, the Court must determine whether the government's actions are the result of legitimate function or intended for the purpose of punishment. *Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir.) (citing *Bell*, 441 U.S. at 538), *petition for cert. filed*, No. 21-101 (July 26, 2021).

In neither the Complaint nor his objection does Mendez identify any deprivation of a human need that FMC-Rochester imposed as punishment. He alleges that, because of his cell construction, he faced cold air and was unable to sleep despite wearing "multiple clothes . . . two blankets . . . and a jacket." (ECF No. 1 at 4.) Despite the less-than-ideal conditions, there is no evidence that FMC-Rochester intended the cold to be a punishment, so the cold did not reach the level of a constitutional violation. FMC-Rochester sought to mitigate the effects of the weather by giving Mendez additional blankets and clothing to protect against the cold. The resulting cold temperatures were beyond the control of a government entity and not intended as a punishment.

### III.     Abeyance

In a separate motion, Mendez filed for abeyance and requested that the Court "check up on [him] every so often," in response to his COVID-19 diagnosis. (ECF No. 49 at 2.) Because the Court dismisses Mendez's claims, his motion for abeyance is moot, and therefore denied.

### CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. Mendez's objection (ECF No. 57) is OVERRULED;

2. The Report and Recommendation (ECF No. 56) is ACCEPTED;

3. Defendants' Motion to Dismiss (ECF No. 36) is GRANTED;

4. Mendez's motion for abeyance (ECF No. 49) is DENIED AS MOOT; and

5. The action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 5, 2021                                             BY THE COURT:

                                                               s/Nancy E. Brasel
                                                               Nancy E. Brasel
                                                               United States District Judge